IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–00074–EWN–OES

JAMES W. DENMAN, SR.,

    Plaintiff,

v.

RODNEY JOHNSON, Sheriff of Grand County,
GLEN TRAINOR, Undersheriff of Grand County,
GRANT THOMAS, Jail Administrator of Grand County Jail,
JERRY SCHOECH, Grand County Sheriff's Dept. Deputy, and
THE MUNICIPALITY OF GRAND COUNTY, COLORADO,

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the court on the "Recommendation for Dismissal and Order Denying Sanctions" filed by the assigned magistrate judge on March 31, 2005. Plaintiff has objected to the recommendation. Although his submission is unclear, it does not appear that he has challenged the denial of sanctions. In any event, application of the proper legal standard (set forth below) requires overruling any objection he might be asserting to the order denying his request for sanctions.

The standard of review which this court employs in considering a magistrate judge's submissions depends upon whether the motion before the court and magistrate judge is viewed as dispositive or non-dispositive. Under Rule 72(a) of the Federal Rules of Civil Procedure, a district court may reverse a magistrate judge's decision on a non-dispositive matter only if the

decision is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C.A. § 636(b)(1)(A) (2004)  Under the clearly erroneous standard of review, the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Rather, the district court must affirm the decision of the magistrate judge unless the district court, "on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 [1948]).  The magistrate judge's order denying sanctions is non-dispositive. As noted earlier, it is not clear whether plaintiff challenges the denial of sanctions.  If he is, the challenge is hereby overruled, because he has fallen far short of demonstrating that the denial was clearly erroneous or contrary to law.

For dispositive motions, however, a district court assessing a magistrate judge's findings of fact and recommendations for disposition must make a "de novo determination of those portions of the [recommendation] . . . to which objection is made." *See* 28 U.S.C.A. § 636(b)(1) (West 2005); Fed. R. Civ. P. 72(b).  "When conducting de novo review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). "[W]hen a party objects to factual findings based upon conflicting evidence or testimony, the district court must indicate that it is conducting a *de novo* determination rather than review under the 'clearly erroneous' standard." *Id.* (citing *Aluminum Co. of Am. v. United States Environmental Protection Agency*, 663 F.2d 499, 502 [4th Cir. 1981]).

The magistrate judge's submission is extensive, comprehensive, and well-documented. Plaintiff's objections, to the extent that they are understandable, consist of a recitation of facts which he believes should have been used in ruling on defendants' motion for summary judgment. In some cases, the factual allegations in the objections are consistent with the magistrate judge findings; in most instances the unsworn assertions are belied by documentary evidence and/or are simply irrelevant to the legal issues presented. In any event, plaintiff wholly fails to address the legal issues on which the case ultimately turns. The court has conducted the requisite *de novo* review of the issues, the record, and the recommendation. Based on this review, the court has concluded that the recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The recommendation is ACCEPTED.
2. The motion for summary judgment (#127) is GRANTED. The clerk will forthwith enter judgment against plaintiff and in favor of all defendants, dismissing the complaint with prejudice. Defendants may have their costs by filing a bill of costs within eleven days.
3. The magistrate judge's order denying sanctions shall stand as the order of this court, plaintiff's putative objections being hereby overruled.

DATED this  28th  day of September, 2005.

                              BY THE COURT:

                              s/Edward W. Nottingham
                              EDWARD W. NOTTINGHAM
                              United States District Judge